UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE LINKEDIN ERISA LITIGATION | Case No.  5:20-cv-05704-EJD<br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>Re: Dkt. No. 89 |

Plaintiffs Douglas Bailey, Jason Hayes, and Marianne Robinson filed this putative class action against Defendants LinkedIn Corporation, LinkedIn Corporation's Board of Directors ("the Board"), LinkedIn Corporation's 401(k) Committee ("the Committee"), and Does 1-20 who are members of the Board or Committee or are otherwise fiduciaries of the LinkedIn Corporation 401(k) Profit Sharing Plan and Trust ("the Plan"), alleging violation of fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. 1001 et seq.  Dkt. No. 1.  Pending before the Court is Plaintiffs' motion for leave to file a Second Amended Complaint. Dkt. No. 89.

Having considered the parties' briefing, the relevant law, and the record in this case, the Court DENIES Plaintiffs' motion.

**I.     BACKGROUND**

**A.     Factual Background**

Plaintiffs are former LinkedIn employees and current and former participants in the Plan. Am. Compl., Dkt. No. 27, ¶¶ 9-11.  They assert the following claims under ERISA: (1) breach of

Case No.: 5:20-cv-05704-EJD
ORDER GRANTING LEAVE TO FILE 2D AM. COMPL.
1

fiduciary duties; (2) failure to monitor fiduciaries and co-fiduciary breaches; and (3) knowing breach of trust. *Id.* ¶¶ 69-85. Primarily, they allege that Defendants violated their fiduciary duties by, among other things, offering participants the option of investing in certain actively managed target-date funds (i.e., Fidelity Freedom Funds) that were high-risk, performed poorly, and required greater management fees than other options. *Id.* ¶¶ 25-41, 46-49. Plaintiffs also allege that Defendants breached their fiduciary duties by offering imprudent investment options, including the American Funds AMCAP Fund Class R6, which Plaintiffs say underperformed. *Id.* ¶¶ 42-45.

### B. Procedural Background

Plaintiffs filed the original complaint on August 14, 2020. Dkt. No. 1. On November 2, 2020, the parties stipulated to filing the currently operative Amended Complaint. Dkt. No. 26. On November 17, 2020, the Court issued a Case Management Order setting a deadline to amend the pleadings by January 16, 2021. *See* Dkt. No. 39 at 1.

On January 4, 2021, Defendants filed a motion to dismiss the Amended Complaint, followed by a motion to stay discovery pending resolution of that motion to dismiss on January 21, 2021. Dkt. Nos. 44, 46. Those motions remain pending.

On September 22, 2021, Plaintiffs filed the motion for leave to file a Second Amended Complaint now before the Court. Dkt. No. 89.

### C. Proposed Amendments

Plaintiffs request leave to amend the complaint as follows: (1) drop all claims against the Doe defendants; (2) add additional allegations concerning the Committee; (3) add new factual allegations supporting a theory of liability concerning excessive recordkeeping fees under ERISA; (4) add additional factual allegations concerning the Fidelity Freedom Funds; and (5) add additionally factual allegations concerning the AMCAP Fund. *See* Proposed Second Amended Complaint ("PSAC"), Dkt. No. 89-2.

## II. LEGAL STANDARD

Motions to amend the pleadings are generally governed by Rule 15; however, motions to

1   amend filed after the date set in the court's scheduling order are governed by Rule 16. *Branch*
2   *Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017). Per this Court's
3   November 17, 2020 Case Management Order, this motion comes approximately eight months
4   after the deadline to amend under Rule 15. Dkt. No. 39 at 1. Thus, the motion must meet the
5   "good cause" standard of Rule 16. Fed. R. Civ. Proc. 16(b)(4) ("A schedule may be modified only
6   for good cause and with the judge's consent."); *In re W. States Wholesale Nat. Gas Antitrust*
7   *Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373,
8   135 (2015) ("[W]hen a party seeks to amend a pleading after the pretrial scheduling order's
9   deadline for amending the pleadings has expired, the moving party must satisfy the 'good cause'
10  standard of Federal Rule of Civil Procedure 16(b)(4), which provides that a schedule may be
11  modified only for good cause and with the judge's consent, rather than the liberal standard of
12  Federal Rule of Civil Procedure 15(a).").

13  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking
14  the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "If
15  that party was not diligent, the inquiry should end." *Id.* "Only where Rule 16's good cause
16  standard is met must a court consider whether amendment is proper under Federal Rule of Civil
17  Procedure 15." *Armas v. USAA Cas. Ins. Co.*, No. 5:17-CV-06909-EJD, 2019 WL 3323057, at *2
18  (N.D. Cal. July 24, 2019) (citing *Ammons v. Diversified Adjustment Serv., Inc.*, No 2:18-cv-
19  06489-ODW (MAAx), 2019 WL 2303831, at *2 (C.D. Cal. May 30, 2019)); *see also Khobragade*
20  *v. Covidien LP*, No. 16cv468, 2019 WL 652424, at *13 (S.D. Cal. Feb. 15, 2019).

21  **III.   DISCUSSION**

22  Defendants oppose Plaintiffs' proposed amendments on multiple grounds. First, as
23  Defendants correctly note, the deadline to amend pleadings has passed, therefore Rule 16 applies
24  to Plaintiffs' motion. LinkedIn's Opp'n to Plfs.' Mot. for Leave to Amend the Compl. ("Opp'n"),
25  Dkt. No. 91, at 1–2, 3. Plaintiffs do not address Rule 16 in their motion; they argue only that leave
26  to amend is warranted under Rule 15. *See* Mot. at 2–6. The Court proceeds to consider Plaintiffs'
27  motion under the Rule 16 standard.

28  Case No.: 5:20-cv-05704-EJD
ORDER GRANTING LEAVE TO FILE 2D AM. COMPL.
3

1    Defendants contend that Plaintiffs have demonstrated neither diligence nor good cause for
2 their proposed amendments. Opp'n at 3–6. With respect to the recordkeeping theory, Defendants
3 point out that Plaintiffs' original complaint contained a recordkeeping theory, which Plaintiffs
4 dropped in the subsequent Amended Complaint. *Id.* at 5. The Court sees nothing nefarious in this
5 history. A review of the original complaint shows that Plaintiffs expressly acknowledged that they
6 lacked specific facts about certain things, including Plan costs, and they alleged that they
7 unsuccessfully attempted to obtain such information from the Plan Administrator. Dkt. No. 1 ¶¶
8 22-25. Now, however, Plaintiffs have obtained some initial discovery from Defendants which
9 have provided them with the ability to plead facts to support their recordkeeping theory. *See*
10 PSAC ¶¶ 48-53, 93 n.3.

11   Nevertheless, the Court agrees with Defendants that Plaintiffs have not demonstrated
12 diligence in seeking leave to amend. Plaintiffs offer no explanation for why they did not move for
13 leave to amend until nine months after the deadline to do so had passed. The parties agree that
14 Defendants did not produce the documents underpinning Plaintiffs' proposed amendments until
15 June 14, 2021, but their moving papers do not detail the factual circumstances surrounding that
16 production, such as when Plaintiffs first made their request for documents. Mot. at 2; Opp'n at 6.
17 Assuming that Plaintiffs knew at the time the parties stipulated to filing the Amended Complaint
18 that they required some initial discovery to obtain facts necessary to satisfactorily plead a
19 recordkeeping theory, there is no evidence before the Court showing that Plaintiffs sought to
20 obtain that information between the filing of the Amended Complaint on November 4, 2020 and
21 the deadline to amend pleadings on January 16, 2021. Likewise, there is no evidence before the
22 Court that would explain why Plaintiffs further delayed three months between receiving
23 Defendants' production in June 2021 and moving for leave to amend. Furthermore, Defendants'
24 pending motion to stay discovery cannot serve as a reason for Plaintiffs' delay, as Defendants did
25 not file that motion until after the deadline to amend pleadings had already expired. And although
26 that motion has remained pending for some time now, any resulting uncertainty on the outcome
27 would more likely counsel haste in seeking discovery and leave to amend before the Court issued

Case No.: 5:20-cv-05704-EJD
ORDER GRANTING LEAVE TO FILE 2D AM. COMPL.
4

a ruling.  No haste is evident here.

Because Plaintiffs have not demonstrated diligence in seeking leave to amend, the Court's inquiry ends here.  *Johnson*, 975 F.2d at 609.  Plaintiffs' motion is DENIED.

**IT IS SO ORDERED.**

Dated: September 29, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-05704-EJD
ORDER GRANTING LEAVE TO FILE 2D AM. COMPL.
5