MORGAN, LEWIS & BOCKIUS LLP
Sonia A. Vucetic (SBN 307414)
300 South Grand Avenue, Twenty-Second Floor
Los Angeles, CA 90071
Telephone: (213) 612-2500
Facsimile: (213) 612-2501
Email: sonia.vucetic@morganlewis.com

Attorneys for Defendants
LINKEDIN CORPORATION, THE BOARD OF
DIRECTORS OF LINKEDIN CORPORATION,
and THE 401(K) COMMITTEE

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re LinkedIn ERISA Litigation* | Case No: 5:20-cv-05704-EJD |
| | **LINKEDIN'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING DECISIONS BY THE SUPREME COURT IN *HUGHES V. NORTHWESTERN UNIVERSITY* AND THE NINTH CIRCUIT IN *KONG V. TRADER JOE'S CO.*** |
| | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| | Date: May 12, 2022 Time: 9:00 a.m. Location: San Jose Courthouse Courtroom 4 280 South 1st Street San Jose, CA 95113 |
| | Complaint Filed:  August 14, 2020 FAC Filed:  November 4, 2020 SAC Filed: December 16, 2021 |
| | Hon. Judge Edward J. Davila |

## NOTICE OF MOTION AND MOTION

### TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that on May 12, 2022, at 9:00 a.m., or as soon thereafter as this matter may be heard before the Honorable Edward J. Davila in Courtroom 4 of the above-entitled Court, located at 280 South 1st Street, San Jose, CA 95113, LinkedIn Corporation, the Board of Directors of LinkedIn Corporation, and the 401(k) Committee ("Committee") (collectively, "LinkedIn") will and hereby do move the Court to stay proceedings pending decisions by the Supreme Court in *Divane v. Northwestern Univ.*, 953 F. 3d 980 (7th Cir. 2020), *cert. granted sub nom. Hughes v. Northwestern University*, 141 S. Ct. 2882 (U.S. 2021) and the Ninth Circuit in *Kong v. Trader Joe's Co.*, No. 20-05790, 2020 WL 7062395 (C.D. Cal. Nov. 30, 2020), *appeal filed*, No. 20-56415 (9th Cir. Dec. 30, 2020).  In each of these cases, the court will be asked to determine whether the same type of ERISA breach of fiduciary duty allegations made here state a plausible claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Oral argument in *Northwestern* took place on December 6, 2021.  Oral argument in *Trader Joe's* has been held in abeyance by the Ninth Circuit pending the outcome of *Northwestern*.

As explained herein, a stay is proper because it will simplify the issues and promote judicial economy.  In fact, the decisions in *Northwestern* and *Trader Joe's* may be highly instructive, if not wholly dispositive, as to the claims asserted in Plaintiffs' Second Amended Complaint here.  Staying the litigation pending these rulings will ensure consistency with forthcoming Supreme Court and Ninth Circuit guidance that will clarify whether Plaintiffs' claims as currently pled suffice to state plausible claims for relief.  Such a stay would lessen the burdens of litigation on both parties and the Court and would be limited in duration, given that the Supreme Court will rule on *Northwestern* during its upcoming term and the Ninth Circuit will rule shortly thereafter.  Moreover, because the LinkedIn Plan that is the subject of Plaintiffs' claims no longer exists, there is not even any potential ongoing harm or prejudice from a stay.

LinkedIn bases its motion to stay on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and such other materials and evidence as may be presented to the Court.

1

Dated:  December 27, 2021

2

MORGAN, LEWIS & BOCKIUS LLP
By */s/ Sean K. McMahan*
    Sean K. McMahan

3

Jeremy P. Blumenfeld (pro hac vice)

4

Sean K. McMahan (pro hac vice)
Sonia Vucetic

5

MORGAN, LEWIS & BOCKIUS LLP
*Attorneys for Defendants*,

6

LINKEDIN CORPORATION, THE BOARD
OF DIRECTORS OF LINKEDIN

7

CORPORATION, THE 401(K) COMMITTEE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TABLE OF CONTENTS

**Page**

I.    STATEMENT OF ISSUES TO BE DECIDED ................................................................. 1

II.   INTRODUCTION ............................................................................................................. 1

III.  SUMMARY OF PLAINTIFFS' CLAIMS AND STATUS OF THE LITIGATION........... 3

IV.   LEGAL STANDARD........................................................................................................ 4

V.    ARGUMENT .................................................................................................................... 5

    A.   The Supreme Court's Decision in Northwestern and the Ninth Circuit's
         Decision in Trader Joe's Will Simplify Issues and Promote the Orderly
         Course of Justice .................................................................................................. 5

    B.   A Stay Will Not Prejudice Plaintiffs Because The Plan No Longer Exists
         and the Duration of The Stay Will be Relatively Short. ..................................... 9

    C.   Denying a Stay Would Cause Substantial Hardship to LinkedIn ......................... 12

    D.   The Matters Above Were Not Far Enough Along to Warrant a Stay When
         LinkedIn Filed its Prior Motion to Dismiss ........................................................ 13

VI.   CONCLUSION.................................................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ahmed v. Comenity Bank*,
    No. 8:20-cv-00453, 2021 WL 3524124 (C.D. Cal. Jan. 29, 2021)............................................4

*Alves v. Prospect Mortg., LLC*,
    No. 13-10985, 2013 WL 5755465 (D. Mass. Oct. 22, 2013) ..................................................10

*Am. Petroleum Inst. v. Johnson*,
    541 F. Supp. 2d 165 (D.D.C. 2008) ........................................................................................5

*Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*,
    No. 11-0011, 2011 WL 4056318 (D.N.J. Sept. 12, 2011) ......................................................10

*Bankwitz v. Ecolab, Inc.*,
    No. 17-cv-02924, 2017 WL 4642284 (N.D. Cal. Oct. 17, 2017) .........................................4, 9

*Clinton v. Jones*,
    520 U.S. 681 (1997)..................................................................................................................3

*CMAX, Inc. v. Hall*,
    300 F. 2d 265 (9th Cir. 1962) ...................................................................................................4

*Compressor Eng'g Corp. v. Thomas*,
    No. 10-10059, 2016 WL 438963 (E.D. Mich. Feb. 3, 2016)..................................................10

*Divane v. Nw. Univ.*,
    953 F. 3d 980 (7th Cir. 2020), *cert. granted sub nom. Hughes v. Nw. Univ.*, 141
    S. Ct. 2882 (U.S. 2021)....................................................................................................*passim*

*Fuller v. Amerigas Propane, Inc.*,
    Nos. C 09-2493, 09-2616, 2009 WL 2390358 (N.D. Cal. Aug. 3, 2009)................................9

*Grundstrom v. Wilco Life Ins. Co.*,
    No. 20-cv-03445, 2020 WL 6873645 (N.D. Cal. Oct. 13, 2020) ...........................................11

*Gustavson v. Mars, Inc.*,
    No. 13-cv-04537, 2014 WL 6986421 (N.D. Cal. Dec. 10, 2014).......................................5, 13

*Homa v. Am. Express Co.*,
    No. 06-2985, 2010 WL 4116481 (D.N.J. Oct. 18, 2010) .........................................................5

*Kennedy v. Aegis Media Americas, Inc.*,
    No. 1:20-cv-3624, 2021 WL 4077946 (S.D.N.Y. Sept. 7, 2021) ...............................3, 7, 8, 9

*Kong v. Trader Joe's Co.*,
    No. 20-05790, 2020 WL 7062395 (C.D. Cal. Nov. 30, 2020), *appeal filed*, No.
    20-56415 (9th Cir. Dec. 30, 2020).....................................................................................*passim*

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936)................................................................................3, 4

*In re LinkedIn ERISA Litig.*,
  No. 5:20-cv-05704, 2021 WL 5331448 (N.D. Cal. Nov. 16, 2021) ...................2, 12

*Lockyer v. Mirant Corp.*,
  398 F. 3d 1098 (9th Cir. 2005) ........................................................................11

*Ludlow v. Flowers Foods, Inc.*,
  No. 18-CV-1190, 2020 WL 773253 (S.D. Cal. Feb. 18, 2020)................................11

*Matera v. Google Inc.*,
  No. 15-CV-04062, 2016 WL 454130 (N.D. Cal. Feb. 5, 2016) ...............................5

*McElrath v. Uber Technologies, Inc.*,
  No. 16-cv-07241, 2017 WL 1175591 (N.D. Cal. Mar. 30, 2017) ....................10, 12

*Michael v. Ghee*,
  325 F. Supp. 2d 829 (N.D. Ohio 2004)................................................................5

*Nicolas v. Trs. of Princeton Univ.*,
  No. 17-3695, 2017 WL 6514662 (D.N.J. Dec. 20, 2017)......................................10

*Pension Ben. Guar. Corp. v. Morgan Stanley Inv. Mgmt. Inc.*,
  712 F.3d 705 (2d Cir. 2013)..............................................................................12

*Rivers v. Walt Disney Co.*,
  980 F. Supp. 1358 (C.D. Cal. 1997) ....................................................................4

*Schartel v. OneSource Tech., LLC*,
  No. 1:15 CV 1434, 2015 WL 7430056 (N.D. Ohio Nov. 17, 2015) .......................11

*Sealy v. Chase Bank (U.S.A.), N.A.*,
  No. 19-cv-07710, 2020 WL 5814108 (N.D. Cal. Sept. 29, 2020)...........................4

*Sikhs for Justice v. Nath*,
  893 F. Supp. 2d 598 (S.D.N.Y. 2012)..................................................................5

*Stryker Trauma S.A. v. Synthes (USA)*,
  No. 01-3879, 2008 WL 877848 (D.N.J. Mar. 28, 2008) ......................................10

*Trim v. Mavenn, Inc.*,
  No. 20-cv-03917, 2020 WL 6460543 (N.D. Cal. Nov. 3, 2020) ............................11

*White v. Chevron Corp.*,
  No. 16-0793, 2017 WL 2352137 (N.D. Cal. May 31, 2017), *aff'd*, 752 F. App'x
  453 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 2646 (2019) .....................................8

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Wolf v. Lyft, Inc.*,
  No. C 15-01441, 2015 WL 4455965 (N.D. Cal. July 20, 2015)................................10

**Statutes**

ERISA Section 404(a), 29 U.S.C. § 1104(a) ................................................3

ERISA Section 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B) ................................6

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)................................................................1, 6

Fed. R. Civ. P. 16(b)(4)................................................................4

1

## MEMORANDUM OF POINTS AND AUTHORITY

2

## I.   STATEMENT OF ISSUES TO BE DECIDED

3

Whether LinkedIn has demonstrated good cause necessary to stay proceedings pending the

4

outcome of the Supreme Court's decision in *Northwestern*[1]and the Ninth Circuit's decision in

5

*Trader Joe's*.[2]

6

## II.   INTRODUCTION

7

This Court recently held that it lacked subject matter jurisdiction over the claims in

8

Plaintiffs' First Amended Complaint because Plaintiffs did not allege facts to satisfy the

9

requirements of Article III standing.  (Dkt. 96).  Plaintiffs have now filed a Second Amended

10

Complaint ("Complaint") that purports to vest this Court with subject matter jurisdiction, satisfy

11

the requirements of Article III, and allege ERISA fiduciary breach claims regarding the Plan's

12

offering of the Fidelity Freedom Target Date Funds (the "Freedom TDFs").  (Dkt. 99).  The Rule

13

12(b)(6) pleading standards for alleging such fiduciary breach claims is currently being considered

14

by the Supreme Court in *Northwestern* (oral argument held December 6) and the Ninth Circuit in

15

*Trader Joe's*.  Accordingly, defendants LinkedIn Corporation, the Board of Directors of LinkedIn

16

Corporation, and the 401(k) Committee ("Committee") (collectively, "LinkedIn") respectfully seek

17

a stay of all proceedings in this case pending decisions by the Supreme Court in *Northwestern* and

18

the Ninth Circuit in *Trader Joe's*.

19

More specifically, in *Northwestern*, the plaintiffs allege that defendants breached their

20

fiduciary duties under ERISA, in part, by retaining allegedly expensive and underperforming

21

actively managed funds instead of cheaper and better performing passively managed funds.  *See,*

22

23

[1] *Divane v. Nw. Univ.*, 953 F. 3d 980 (7th Cir. 2020), *cert. granted sub nom. Hughes v. Nw. Univ.*,

24

141 S. Ct. 2882 (U.S. 2021).  Plaintiff Divane was a plaintiff in the district court proceedings and

25

an appellant in the court of appeals but is not participating in the proceedings before the Supreme

26

Court.  *See* Pet. Br., 2021 WL 4121358, at *ii.

27

[2]  *Kong v. Trader Joe's Co.*, No. 20-05790, 2020 WL 7062395 (C.D. Cal. Nov. 30, 2020), *appeal*

28

*filed*, No. 20-56415 (9th Cir. Dec. 30, 2020).

1  *e.g.*, Petitioners' Brief, Hughes v. Nw. Univ., 141 S. Ct. 2882 (2021) No. 19-1401, 2021 WL

2  4121358, at *36 n.15 (hereinafter "Pet. Br.") ("The Plans included actively managed options with

3  expense ratios of 10 or even 20 times higher than passively managed index funds in the same

4  investment style.  Some of those options consistently underperformed benchmark indices or

5  comparable lower-cost alternatives.") (internal citations omitted).  In *Trader Joe's*, the plaintiffs

6  allege that defendants breached their fiduciary duties under ERISA by, among other things,

7  causing the retirement plan to offer allegedly riskier and more expensive actively managed funds

8  instead of purportedly "prudent" cheaper passively managed alternatives.  In other words, both of

9  these cases deal with the *same types of claims* that Plaintiffs allege here.

10       Under these circumstances, the Supreme Court's decision in *Northwestern* and the Ninth

11  Circuit's decision in *Trader Joe's* (held in abeyance by the Ninth Circuit pending the outcome of

12  *Northwestern*) will be highly instructive, if not entirely dispose of the claims asserted in Plaintiffs'

13  Complaint.  Regardless of the outcome in *Northwestern*, the Supreme Court will provide much

14  needed clarity on the pleading standard applicable to ERISA breach of fiduciary duty claims like

15  those Plaintiffs allege here.  The Ninth Circuit's analysis in *Trader Joe's*, applying the law of

16  *Northwestern*, will establish the law of this Circuit and bear directly on whether Plaintiffs plausibly

17  allege LinkedIn's fiduciary process was flawed because the Plan offered one set of actively

18  managed target date funds instead of purportedly better performing passively managed ones.  This

19  is the exact guidance this Court indicated was lacking.  *In re LinkedIn ERISA Litig.*, No. 5:20-cv-

20  05704, 2021 WL 5331448, at *7 (N.D. Cal. Nov. 16, 2021).  Staying this litigation until the

21  Supreme Court and Ninth Circuit rule in *Northwestern* and *Trader Joe's* will ensure consistency

22  with pending guidance that will clarify whether Plaintiffs' claims in the Complaint state plausible

23  claims for relief.  A stay will also obviate the need for supplemental rounds of briefing on

24  LinkedIn's anticipated motion to dismiss, or a renewed motion once the *Northwestern* and/or

25  *Trader Joe's* decisions issue.  For these reasons, many courts have recently stayed proceedings in

26  ERISA cases pending the Supreme Court's decision in *Northwestern*, including the Ninth Circuit

27  in *Trader Joe's*.  *See, e.g.*, *Kong v. Trader Joe's Co.*, No. 20-56415, BL-47 (9th Cir. Oct. 6, 2021);

28  *Brown v. The MITRE Corp.*, No. 1:21-cv-11605, Dkt. 21 (D. Mass. Nov. 19, 2021); *Coviello v.*

*BHS Mgmt. Servs., Inc.*, No. 3:20-30198, Dkt. 68 (D. Mass. Oct. 15, 2021); *Hundley v. Henry Ford Health Sys.*, No. 21-11023, 2021 WL 4775356 (E.D. Mich. Oct. 13, 2021); *O'Driscoll v. Plexus Corp.*, No. 1:20-01065, Dkt. 32, at *1-2 (E.D. Wis. Sept. 30, 2021); *Kennedy v. Aegis Media Americas, Inc.*, No. 1:20-cv-3624, 2021 WL 4077946, at *1 (S.D.N.Y. Sept. 7, 2021). This Court should do the same.  There is good cause for the requested stay and, because the Plan at issue in this case no longer exists, no potential ongoing harm or prejudice would result from its imposition. On the contrary, a stay would promote the "economy of time and effort for [the court], for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997).

## III.    SUMMARY OF PLAINTIFFS' CLAIMS AND STATUS OF THE LITIGATION

Plaintiffs bring three claims on behalf of a proposed class of participants and beneficiaries in the LinkedIn Corporation 401(k) Profit Sharing Plan and Trust (the "Plan").  First, Plaintiffs allege LinkedIn breached its fiduciary duties of loyalty and prudence under ERISA Section 404(a), 29 U.S.C. § 1104(a) by offering the allegedly "high-cost" and "excessively risky" actively managed Freedom TDFs over the passively managed alternative Fidelity Freedom Index Target Date Funds (the "Index TDFs").  (Compl. ¶¶ 25-40).  Second, Plaintiffs allege LinkedIn failed to monitor the Committee in carrying out its fiduciary duties.[3]  (*Id.* ¶¶ 67-75).  Third, Plaintiffs allege, in the alternative and to the extent that any defendant is not deemed a fiduciary or co-fiduciary under ERISA, a knowing breach of trust.  (*Id.* ¶¶ 76-78).

Plaintiffs filed their original complaint on August 14, 2020 and, with LinkedIn's consent, a First Amended Complaint ("FAC") on November 4, 2020.  LinkedIn moved to dismiss the FAC on January 4, 2021.[4]  This Court ruled on that motion on November 16, 2021, dismissing Plaintiffs'

---

[3] The plaintiffs in *Northwestern* alleged the same claim for "fail[ure] to monitor" other fiduciaries. Pet. Br., 2021 WL 4121358, at *12 n.5.  Because the failure to monitor claim is derivative of the underlying fiduciary breach claim, the Supreme Court's decision in *Northwestern* will also be instructive on this claim.

[4] At the time LinkedIn filed its Motion to Dismiss the First Amended Complaint, the Supreme Court

FAC for lack of subject matter jurisdiction and granting leave to amend.  On December 16, 2021, Plaintiffs filed their operative Complaint.  By stipulation of the parties, LinkedIn's response to the Complaint is currently due January 20, 2021.  LinkedIn is filing an administrative motion seeking a stay of the responsive pleading deadlines concurrently with this motion, seeking to avoid wasting party and judicial resources on briefing a motion to dismiss that may ultimately be rendered moot.

## IV.   LEGAL STANDARD

"A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F. 2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55).  This includes the "inherent power to stay its proceedings."  *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (citing *Landis*, 299 U.S. at 254.  To determine the suitability of such a stay, courts consider:

> (1) the possible damage which may result from granting of a stay;
>
> (2) the hardship or inequity which a party may suffer in being required to go forward; and
>
> (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Bankwitz v. Ecolab, Inc.*, No. 17-cv-02924, 2017 WL 4642284, at *4 (N.D. Cal. Oct. 17, 2017) (quoting *CMAX*, 300 F. 2d at 268).  All factors weigh in favor of a stay here.  Where, as here, the *CMAX* factors weigh in favor of a stay, courts routinely find that the "good cause" requirement for modifying a schedule under Fed. R. Civ. P. 16(b)(4) is met.  *See, e.g.*, *Sealy v. Chase Bank (U.S.A.), N.A.*, No. 19-cv-07710, 2020 WL 5814108, at *1-2 (N.D. Cal. Sept. 29, 2020) (applying the *CMAX* factors and finding good cause to grant a stay); *Ahmed v. Comenity Bank*, No. 8:20-cv-00453, 2021 WL 3524124, at *1-2 (C.D. Cal. Jan. 29, 2021) (same).

---

had not granted certiorari in *Northwestern* and appellate briefing in the *Trader Joe's* case had not commenced.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## V.   ARGUMENT

### A.   The Supreme Court's Decision in *Northwestern* and the Ninth Circuit's Decision in *Trader Joe's* Will Simplify Issues and Promote the Orderly Course of Justice

In determining whether this factor weighs in favor of a stay, "considerations of judicial economy are highly relevant."  *Gustavson v. Mars, Inc.*, No. 13-cv-04537, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014).  As a general principle, courts have consistently held that staying litigation is appropriate where the Supreme Court or Circuit Court's decision on an issue may have a dispositive effect on the case.[5]  That is precisely the circumstance here.  The Supreme Court's decision in *Northwestern* will clarify whether virtually identical allegations and claims suffice to state a claim for relief.  Specifically, in *Northwestern*, the Supreme Court will resolve:

[w]hether allegations that a defined-contribution retirement plan paid or charged its

---

[5] *See*, *e.g., Gustavson*, 2014 WL 6986421 at *3 (granting defendant's motion to stay pending resolution of *Jones v. ConAgra Foods, Inc.*, No. 14-16327, by the Ninth Circuit where "the Ninth Circuit's decision is likely to provide substantial guidance, if not new law, that will materially impact the Court's decisions in the instant case"); *Matera v. Google Inc.*, No. 15-CV-04062, 2016 WL 454130, at *2-3 (N.D. Cal. Feb. 5, 2016) (granting defendant's motion to stay pending resolution of *Robins v. Spokeo*, No. 13-1339, by the Supreme Court where "*Spokeo* may provide substantial guidance as to what statutory violations (if any) confer Article III standing"); *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012) (granting stay pending Supreme Court decision that would likely "settl[e] an important issue of law bearing on the action"); *Homa v. Am. Express Co.*, No. 06-2985, 2010 WL 4116481, at *3, *9 (D.N.J. Oct. 18, 2010) (granting defendants' motion to stay pending resolution of *AT & T Mobility LLC v. Concepcion*, No. 09-893, by the Supreme Court where "the Supreme Court's decision in *Concepcion* may substantially affect or be dispositive of the issues in this case"); *Am. Petroleum Inst. v. Johnson*, 541 F. Supp. 2d 165, 171 (D.D.C. 2008) (noting that the court had ordered a four-month stay while the Supreme Court heard and decided an "issue [] of considerable significance" in unrelated case); *Michael v. Ghee*, 325 F. Supp. 2d 829, 831 (N.D. Ohio 2004) (granting stay where "the case on appeal to the Supreme Court may have a dispositive effect on the instant case").

---

1
2

> participants fees that substantially exceeded fees for alternative available investment products or services are sufficient to state a claim against plan fiduciaries for breach of the duty of prudence under ERISA, 29 U.S.C. § 1104(a)(1)(B).

3
4   Pet. Br., 2021 WL 4121358, at *1.  As part of their claims, the plaintiffs in *Northwestern* argued

5   that the plans at issue in that case "included actively managed options with expense ratios of 10 or

6   even 20 times higher than passively managed index funds in the same investment style. Some of

7   those options consistently underperformed benchmark indices or comparable lower-cost

8   alternatives." *Id.* at *36 n. 15 (citations omitted).  *See also Divane v. Northwestern Univ.*, No.

9   1:16-cv-08157 (N.D. Ill.) (Amended Complaint, Dkt. 38 ¶¶ 176, 200-01, 211-12) (identifying

10  specific actively managed funds that were allegedly imprudent because of supposedly cheaper

11  comparable passively managed funds).

12      In *Trader Joe's*, the Ninth Circuit will address whether plaintiffs' allegations in a

13  complaint of "various comparisons of the failure of mutual funds to outperform their less-

14  expensive index counterparts" provides a meaningful benchmark to state a breach of fiduciary duty

15  claim.  Pls. Appellants' Brief, *Kong v. Trader Joe's Co.*, No. 20-56415 2021 WL 1377339, at *44

16  (9th Cir. Dec. 30, 2020).  Here, like in *Northwestern* and *Trader Joe's*, Plaintiffs allege that they

17  were participants in a defined-contribution retirement plan and assert LinkedIn breached its

18  fiduciary duties of prudence based on the inclusion of allegedly expensive and underperforming

19  actively managed investment options instead of cheaper passive funds.  Thus, the issues in

20  *Northwestern* and *Trader Joe's*—whether allegations that those respective plans should have

21  offered allegedly lower-cost, better performing passively managed funds, and particularly whether

22  allegations comparing actively-managed funds to passively managed alternatives, suffice to state a

23  claim for relief under Rule 12(b)(6)—are the ***same*** issues that LinkedIn will present in its

24  forthcoming motion to dismiss.

25      In similar circumstances, courts recently stayed proceedings pending the Supreme Court's

26  forthcoming decision in *Northwestern*.  Perhaps most notably, the Ninth Circuit in *Trader Joe's*

27  stayed that case, holding "in abeyance" the oral argument "pending the Supreme Court's resolution

28  of *Hughes v. Northwestern University*."  *Trader Joe's*, No. 20-56415, BL-47.  Other courts have

followed suit.  In the past two months, the United States District Court for the District of Massachusetts granted stays of all proceedings in two similar ERISA fees cases also brought by Capozzi Adler, finding that "the interests of judicial and litigant economy outweigh the degree of potential harm to the Plaintiffs in granting the stay."  *Coviello v. BHS Mgmt. Servs., Inc.*, No. 3:20-30198, Dkt. 68; *see also Brown v. The MITRE Corp.*, No. 1:21-cv-11605, Dkt. 21.  The court reasoned that *Northwestern* "will likely be dispositive as to part of Defendants' pending motion and affect discovery, briefing of the pending motion, and possible amendment of the pleadings," *Coviello*, No. 3:20-30198, Dkt. 68, and that "[w]here the alleged harm affects a putative class of claimants, it is in their collective interest, as well as that of defendants, that the case be efficiently, economically, and correctly decided."  *Brown*, No. 1:21-cv-11605, Dkt. 21.  For the same reasons, a court in the Eastern District of Wisconsin recently stayed a half dozen nearly identical actions.[6]

In *Kennedy*, a court in the Southern District of New York stayed all proceedings over the objection of some of the same plaintiffs' lawyers as here, even though the defendants had already moved to dismiss the complaint.  *Kennedy*, 2021 WL 4077946, at *1-2.  The court similarly reasoned that *Northwestern* "will settle a key issue that has direct bearing on Defendants' motion to dismiss" and further found that the interests of the parties and the court weighed in favor of a stay, with no significant prejudice to plaintiffs.  *Id.* at *2-3.

The Eastern District of Michigan in *Hundley* also recently granted a stay of all proceedings

---

[6] *See, e.g., O'Driscoll*, No. 1:20-01065, Dkt. 32, at *1-2 (staying case *sua sponte* with motion to dismiss pending because *Northwestern* "will likely clarify the pleading requirements for ERISA breach of fiduciary duty claims" and "[a]waiting clarification by the Supreme Court will not only save judicial resources but will also likely preserve the parties' resources by allowing them to avoid unnecessary discovery or appeal"); *Glick v. ThedaCare Inc.*, No. 1:20-01236, Dkt. 26, at *1-2 (E.D. Wis. Sept. 30, 2021) (same); *Guyes v. Nestle USA Inc.*, 1:20-01560, Dkt. 21, at *1-2 (E.D. Wis. Sept. 30, 2021) (same); *Nohara v. Prevea Clinic, Inc.*, No. 1:20-01079, Dkt. 43, at *1-2 (E.D. Wis. Sept. 30, 2021) (same); *Soulek v. Costco Wholesale Corp.*, No. 1:20-00937, Dkt. 41, at *1-2 (E.D. Wis. Sept. 30, 2021) (same); *Cotter v. Matthews Int'l Corp.*, No. 1:20-01054, Dkt. 34, at *1-2 (E.D. Wis. Sept. 30, 2021) (same).

1  in a similar ERISA fees case where, like here, the defendants were soon to file a motion to dismiss,

2  reasoning that "regardless of the outcome in the Supreme Court, the decision to be issued in

3  [*Northwestern*] will provide the pleading standard that this Court must follow in deciding the

4  motion to dismiss." *Hundley*, 2021 WL 4775356, at *3.  The court concluded, "[t]he potential

5  dispositive effect of the other case weighs in favor of a stay, as the Supreme Court's decision in

6  [*Northwestern*] will settle a key issue that has direct bearing on whether this action may proceed."

7  *Id.*

8      The same is true here.  Considering the similarity of the claims at issue, the Supreme

9  Court's analysis in *Northwestern* will bear on whether Plaintiffs here have pled viable claims

10  under ERISA.  Indeed, if the Supreme Court adopts the Seventh Circuit's reasoning, the

11  *Northwestern* decision will entirely dispose of Plaintiffs' claims.  Even if the Supreme Court

12  rejects the Seventh Circuit's reasoning, the Ninth Circuit's analysis in *Trader Joe's*, applying the

13  law of *Northwestern*, will establish the law of this Circuit and bear on whether Plaintiffs have pled

14  viable claims under ERISA, particularly with respect to the active vs. passive issue core to both

15  this case and *Trader Joe's*.  Thus, good cause for the requested stay exists.

16      Moreover, a stay will promote judicial economy because moving forward with the

17  proceedings before the Supreme Court and Ninth Circuit's rulings will result in unnecessary

18  burdens on *both* the parties and the Court.  *See, e.g., Kennedy*, 2021 WL 4077946, at *1 ("The

19  Court's decision in [*Northwestern*] will clarify a critical issue currently before the Court, and in

20  doing so, promote the public and judicial interest in the efficient conduct of litigation." (internal

21  quotation marks and citation omitted)); *Coviello*, No. 3:20-30198, Dkt. 68 (same); *O'Driscoll*, No.

22  1:20-01065, Dkt. 32, at *1-2 (staying case pending *Northwestern* decision "will also likely

23  preserve the parties' resources by allowing them to avoid unnecessary discovery or appeal").

24  Absent a stay, if the parties were required to brief a motion to dismiss now, LinkedIn would rely

25  on, among other things, the Seventh Circuit's decision in *Northwestern*, the Ninth Circuit's

26  decision affirming *White v. Chevron Corp.*, No. 16-0793, 2017 WL 2352137 (N.D. Cal. May 31,

27  2017), *aff'd*, 752 F. App'x 453 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 2646 (2019), and various

28  district court rulings that follow those decisions.  In opposition, Plaintiffs are likely to rely on

LINKEDIN'S MOTION TO STAY
5:20-cv-05704-EJD

1   contrary district court rulings.  The forthcoming decisions in *Northwestern* and *Trader Joe's* may

2   effectively affirm, overrule, or modify much of this case law.  The decisions in *Northwestern* and

3   *Trader Joe's* will inform how the parties argue the upcoming motion to dismiss and the prevailing

4   standards that this Court will apply in assessing those arguments, and therefore a stay pending the

5   outcome of these decisions would promote the "public and judicial interest in the efficient conduct

6   of litigation." *Kennedy*, 2021 WL 4077946, at *1.

7   **B.    A Stay Will Not Prejudice Plaintiffs Because The Plan No Longer Exists and**

8   **the Duration of The Stay Will be Relatively Short.**

9           Any possible damage that a stay of proceedings would cause Plaintiffs is minimal for two

10   reasons.  First, the Plan at issue no longer exists.  As such, neither Plaintiffs nor any putative class

11   members currently are invested in any of the challenged investment options in the Plan or paying

12   any of the challenged recordkeeping fees.  Thus, there is no possibility of any ongoing harm or

13   prejudice.  *See also Brown v. The MITRE Corp.*, No. 1:21-cv-11605, Dkt. 21 (granting a stay

14   pending the outcome of *Northwestern* and rejecting plaintiffs' assertion of harm, stating that

15   "[w]here the alleged harm affects a putative class of claimants, it is in their collective interest, as

16   well as that of defendants, that the case be efficiently, economically, and correctly decided").

17           Second, the requested stay is of limited duration, particularly considering that the Supreme

18   Court already heard oral argument in *Northwestern* and the *Trader Joe's* appeal is fully briefed.

19   *See, e.g.*, *Bankwitz*, 2017 WL 4642284, at *5 ("The forthcoming Supreme Court ruling []

20   minimizes the potential damage because the stay would be short and not indefinite."); *Fuller v.

21   Amerigas Propane, Inc.*, Nos. C 09-2493, 09-2616, 2009 WL 2390358, at *1 (N.D. Cal. Aug. 3,

22   2009) (granting a stay where the pending matter was expected to be heard within a few months and

23   finding that any continued harm during the stay "is a harm that has a simple monetary remedy

24   should a court eventually enter judgment for the Plaintiffs").  The requested stay will be limited in

25   duration because the Supreme Court will rule on *Northwestern* in its upcoming term.  Similarly,

26   briefing in *Trader Joe's* was completed on July 21, 2021, so the Ninth Circuit is likely to hear oral

27   argument shortly after the Supreme Court decides *Northwestern*.

28           The brief stay contemplated here is reasonable in duration, especially considering that (1)

Plaintiffs' First Amended Complaint was dismissed for lack of subject matter jurisdiction; and (2) Plaintiffs filed their current Complaint on December 16, 2021.  Courts routinely grant stays where, like here, the decision that will inform next steps is expected to be decided within a year.[7]  *See, e.g., McElrath v. Uber Technologies, Inc.*, No. 16-cv-07241, 2017 WL 1175591, at *5 (N.D. Cal. Mar. 30, 2017) (granting a stay where the Supreme Court decision was "likely [to] be issued within a year per the Supreme Court's customary practice after granting certification of a petition"); *Wolf v. Lyft, Inc.*, No. C 15-01441, 2015 WL 4455965, at *3 (N.D. Cal. July 20, 2015) (granting stay where decision was expected in eleven months); *Coviello*, No. 3:20-30198, Dkt. 68 (staying case pending *Northwestern* decision, which could be issued eight months later, and where parties had already briefed motion to dismiss); *Alves v. Prospect Mortg., LLC*, No. 13-10985, 2013 WL 5755465, at *3 (D. Mass. Oct. 22, 2013) ("Plaintiffs will suffer little prejudice if a four-to-six-month stay is imposed," even where they had already waited three years for a judicial determination in the case).[8]  Indeed, as explained above, several courts already have stayed other

---

[7] In fact, some courts have granted motions to stay proceedings where the anticipated length of the stay was undisputely "for an uncertain and significant period of time, lasting potentially a year or more" reasoning that any anticipated delay was "not excessive considering the likelihood that the Third Circuit's decision will resolve the dispositive . . . issues presently in dispute." *See Nicolas v. Trs. of Princeton Univ.*, No. 17-3695, 2017 WL 6514662, at *4 (D.N.J. Dec. 20, 2017) (citing *Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, No. 11-0011, 2011 WL 4056318, at *2 (D.N.J. Sept. 12, 2011)) (internal quotation marks omitted).  *See also Stryker Trauma S.A. v. Synthes (USA)*, No. 01-3879, 2008 WL 877848, at *4 (D.N.J. Mar. 28, 2008) (noting delay is not a dispositive issue as it is common to all stayed cases and finding that a lengthy stay outweighed the cost of not staying the case because otherwise the case would proceed "under the shadow of a pending" reexamination of the relevant issues.).

[8] *See also, e.g., Compressor Eng'g Corp. v. Thomas*, No. 10-10059, 2016 WL 438963, at *6 (E.D. Mich. Feb. 3, 2016) (granting stay pending forthcoming Supreme Court ruling, finding it was "not likely to prejudice or harm Plaintiff, the putative class, or the public" because the decision "should be forthcoming before the end of the Supreme Court's current term"); *Schartel v. OneSource*

1   401(k) fiduciary breach putative class actions pending the outcome of the Supreme Court's

2   decision in *Northwestern*.  *See supra* at 2-3, 6-8.

3          This makes sense because, as the *Hundley* court noted, motions to dismiss in ERISA class

4   actions "typically take up the better part of a year."  2021 WL 4775356, at *3-4.  As a result,

5   "Plaintiffs will not suffer significant prejudice because of a limited stay."  *Id.*  In fact, it seems

6   likely the length of the stay will be relatively short given that the *Northwestern* decision is

7   expected before the end of the current Supreme Court term and briefing was completed in *Trader*

8   *Joe's* prior to its being held in abeyance pending the outcome of *Northwestern*.

9          Plaintiffs are likely to argue that a stay will prejudice them because the passage of time

10  might result in a loss of evidence or because it will delay class members' recovery.  Not so.  Courts

11  consistently recognize that such vague assertions of prejudice, particularly in situations of limited

12  delay such as this, are insufficient grounds to deny a stay.  *See, e.g.*, *Trim v. Mavenn, Inc.*, No. 20-

13  cv-03917, 2020 WL 6460543, at *3 (N.D. Cal. Nov. 3, 2020) ("Trim's concern that the requested

14  stay will result in a loss of evidence is, in the absence of supporting facts, no more than

15  speculation, particularly given the likely short duration of the stay."); *Grundstrom v. Wilco Life*

16  *Ins. Co.*, No. 20-cv-03445, 2020 WL 6873645, at *2 (N.D. Cal. Oct. 13, 2020) ("[Plaintiff's]

17  concern that the requested stay will make it more difficult to reach class members or preserve

18  evidence is, in the absence of supporting facts, no more than speculation."); *Ludlow v. Flowers*

19  *Foods, Inc.*, No. 18-CV-1190, 2020 WL 773253, at *2 (S.D. Cal. Feb. 18, 2020) (citing *Lockyer v.*

20  *Mirant Corp.*, 398 F. 3d 1098, 1110-12 (9th Cir. 2005) ("Mere delay in receiving damages is an

21  insufficient basis to deny a stay.").  Plaintiffs likely will not suffer any harm should the Court stay

22  this litigation, and in any event, any inconvenience to Plaintiffs is outweighed by the importance

23  that decisions in *Northwestern* and *Trader Joe's* could have on this litigation.  This factor weighs

24  in favor of a stay.

25  _____

26  *Tech., LLC*, No. 1:15 CV 1434, 2015 WL 7430056, at *1-2 (N.D. Ohio Nov. 17, 2015) (finding

27  "that the possible prejudice to plaintiff that will result from a stay is minimal as the Supreme

28  Court['s] . . . decisions will likely be rendered within the next seven months").

C.   **Denying a Stay Would Cause Substantial Hardship to LinkedIn**

Denying a stay also would cause substantial hardship.  This case is still in the early stages, and the parties have not yet incurred extensive discovery expenses.  Absent a stay, LinkedIn expects to move to dismiss the new Complaint.  The Supreme Court in *Northwestern* and the Ninth Circuit in *Trader Joe's* are likely to squarely address the issue of whether a plaintiff can plausibly allege a fiduciary breach by comparing the fees and performance of actively managed funds to those of passively managed funds—a key issue that this Court has identified as lacking Ninth Circuit guidance.  *LinkedIn*, 2021 WL 5331448, at *7 ("The Court is unaware of any Ninth Circuit decision endorsing the blanket rule LinkedIn suggests the Court apply here.").  If the motion to dismiss is still pending when the Supreme Court decides *Northwestern* and the Ninth Circuit decides *Trader Joe's*, the parties will no doubt seek to submit supplemental briefs on the impact of each of these cases on the parties' motion to dismiss arguments.  If LinkedIn's motion is decided before the Supreme Court rules in *Northwestern*, there is a substantial likelihood one side or the other will seek reconsideration or appeal depending on the outcome in *Northwestern*.  Similarly, there is a substantial likelihood one side or the other will seek reconsideration or appeal depending on the outcome in *Trader Joe's*.  And that says nothing about the expensive and burdensome discovery Plaintiffs might seek in the interim, on claims that the Supreme Court or Ninth Circuit might well decide fail to state a claim as a matter of law.  *See Pension Ben. Guar. Corp. v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 719 (2d Cir. 2013) ("[T]the prospect of discovery in a suit claiming breach of fiduciary duty is ominous, potentially exposing the ERISA fiduciary to probing and costly inquiries and document requests about its methods and knowledge at the relevant times.").

Plaintiffs also may move to amend their Complaint yet again in light of the *Northwestern* and *Trader Joe's* decisions, which could prompt yet another motion to dismiss.  LinkedIn should not be required to expend even more resources briefing a second (or third) motion to dismiss that may ultimately be rendered moot by the rulings in *Northwestern* and *Trader Joe's*.  *See McElrath*, 2017 WL 1175591, at *6 (granting a stay where "[w]ithout a stay, Defendant will be required to defend a large putative class action that may be rendered moot and unnecessary").

The need for a stay is particularly pressing given the current Case Management Order, which provides that the deadline for Plaintiffs' motion for class certification is May 20, 2022 and the deadline for LinkedIn's opposition to class certification is July 1, 2022.  (Dkt. 97.)  If a stay is not granted, LinkedIn would be forced to expend significant resources including preparing for and defending the depositions of multiple defense and third-party witnesses, preparing affirmative and/or rebuttal expert reports regarding class certification, merits, and damages issues, followed by expert depositions.  Especially in light of the fact that Plaintiffs have all of the core documents (and therefore substantially all relevant facts) pertinent to their claims, it would be patently unfair to require LinkedIn to expend significant resources defending this case when the forthcoming rulings in *Northwestern* and *Trader Joe's* will clarify the applicable pleading standard and may serve to highlight deficiencies in Plaintiffs' pleadings, or even wholly dispose of Plaintiffs' claims.  Forcing LinkedIn to expend resources under these circumstances would impose substantial hardship.  *See Gustavson*, 2014 WL 6986421, at *3 (granting a stay and finding the defendant would suffer significant hardship if required to prepare for class certification briefing that might ultimately be rendered unnecessary).

All told, without a stay, there is a risk the parties will have to adjust their factual allegations and legal theories and redo substantial briefing based on the outcomes in *Northwestern* and *Trader Joe's*.  Indeed, there is little to be gained from moving forward with the parties briefing LinkedIn's forthcoming motion to dismiss and the Court deciding that motion at this juncture—and much to be lost.  *See Hundley*, 2021 WL 4775356, at *4 ("[A]ny delay that might be avoided by denying the requested stay is far outweighed by the inequity and inefficiency in litigating issues that are going to be decided by the Supreme Court in *Hughes*.").  This all counsels in favor of staying the case.

### D.   <u>The Matters Above Were Not Far Enough Along to Warrant a Stay When LinkedIn Filed its Prior Motion to Dismiss</u>

At the time LinkedIn filed its prior motion to dismiss on January 4, 2021, the Supreme Court had not yet granted certiorari in *Northwestern* and briefing in *Trader Joe's* had not even begun.  The Supreme Court did not grant certiorari until July 1, 2021, at which point LinkedIn's

motion to dismiss had been fully briefed and pending for nearly four months. *Northwestern*, 141

S. Ct. 2882. On appeal to the Ninth Circuit, *Trader Joe's* was initially scheduled for mediation.

*Trader Joe's*, No. 20-56415, Dkt. 5 (Jan. 13, 2021). The mediation was eventually cancelled and

briefing was not completed until July 19, 2021, at which point LinkedIn's motion to dismiss had

been fully briefed and pending for over four months. Thus, at the time LinkedIn first moved to

dismiss, it was uncertain whether there were any issues that would be decided in either

*Northwestern* or *Trader Joe's*, let alone the timing of such a decision. Now, however, we know

that decisions are at hand in both cases and each will address the same issues presented in our case.

Accordingly, a stay is appropriate.

## VI.    <u>CONCLUSION</u>

For all of the reasons described above, LinkedIn respectfully asks the Court to enter an

Order (1) staying these proceedings until the Supreme Court resolves *Northwestern* and the Ninth

Circuit resolves *Trader Joe's*; and (2) directing the parties to file a joint status report fourteen (14)

days after the Ninth Circuit issues a decision in *Trader Joe's* with a proposed deadline for

Plaintiffs to file an amended complaint or LinkedIn to respond to the Complaint.

Dated:  December 27, 2021

MORGAN, LEWIS & BOCKIUS LLP


By _____ /s/ Sean K. McMahan _____
                    Sean K. McMahan

Jeremy P. Blumenfeld (pro hac vice)
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5258
Facsimile:  (215) 963-5001
jeremy.blumenfeld@morganlewis.com

Sean McMahan (pro hac vice)
1717 Main Street, Suite 3200
Dallas, TX 75201
Telephone:  (214) 466-4000
Facsimile:   (214) 466-4001
sean.mcmahan@morganlewis.com

Sonia A. Vucetic (SBN 307414)
300 South Grand Avenue, Twenty-Second Floor
Los Angeles, CA 90071
Telephone: (213) 612-2500
Facsimile: (213) 612.2501
Email: sonia.vucetic@morganlewis.com


*Attorneys for Defendants*,
LINKEDIN CORPORATION, THE BOARD
OF DIRECTORS OF LINKEDIN
CORPORATION, THE 401(K) COMMITTEE