UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE LINKEDIN ERISA LITIGATION | Case No.  5:20-cv-05704-EJD<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO STAY PLEADING DEADLINES AND MOTION TO STAY PROCEEDINGS**<br><br>Re: Dkt. Nos. 102, 103 |

Before the Court is Defendants LinkedIn Corporation, LinkedIn Corporation's Board of Directors, and LinkedIn Corporation's 401(k) Committee's (collectively, "LinkedIn") motion to stay this action pending decisions from the United States Supreme Court in *Divane v. Nw. Univ.*, 953 F. 3d 980 (7th Cir. 2020), *cert. granted sub nom. Hughes v. Nw. Univ.*, 141 S. Ct. 2882 (U.S. 2021) and the Ninth Circuit in *Kong v. Trader Joe's Co.*, No. 20-05790, 2020 WL 7062395 (C.D. Cal. Nov. 30, 2020), *appeal filed*, No. 20-56415 (9th Cir. Dec. 30, 2020). LinkedIn's Not. of Mot. and Mot. to Stay Proceedings Pending Decisions by the Supreme Court in *Hughes v. Nw. Univ.* and the Ninth Cir. in *Kong v. Trader Joe's Co.* ("Mot."), Dkt. No. 102. Also before the Court is LinkedIn's administrative motion to stay its deadline to respond to Plaintiffs' Second Amended Complaint ("SAC") pending resolution of the motion to stay the action. Dkt. No. 103. Plaintiffs Douglas Bailey, Jason Hayes, and Marianne Robinson oppose both motions. Dkt. Nos. 104, 105.

The Court finds the matter suitable for resolution without oral argument. Civ. L.R. 7-1(b). Having considered the parties' submissions, for the reasons set forth below, the Court DENIES both motions.

Case No.: 5:20-cv-05704-EJD
ORDER DENYING MOT. TO STAY

1

## I. BACKGROUND

Plaintiffs filed this putative class action on August 14, 2020, asserting breach of fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. 1001 et seq. Dkt. No. 1. On November 16, 2021, the Court granted in part and denied in part LinkedIn's motion to dismiss the operative Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and (6). Dkt. No. 96. In particular, the Court dismissed for lack of standing and for failure to state a claim as to all of Plaintiffs' theories of liability except for Plaintiffs' claims based on the Freedom Fidelity funds. *Id.*

On December 16, 2021, Plaintiffs filed the operative SAC. Dkt. No. 99. The parties stipulated to extend LinkedIn's deadline to respond to the SAC to January 20, 2021. Dkt. No. 101. LinkedIn's motions to stay followed.

## II. LEGAL STANDARD

District courts have the "discretionary power to stay proceedings." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, counsel, and for litigants." *Landis*, 299 U.S. at 254. The Court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 863–64 (9th Cir. 1979)). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva*, 593 F.2d at 863–64.

Courts in this district have routinely granted stays where there are overlapping issues of fact or law with a case before different district courts or on appeal. *See, e.g.*, *Zurich Am. Ins. Co. v. Omnicell, Inc.*, No. 18-CV-05345-LHK, 2019 WL 570760 (N.D. Cal. Feb 12, 2019) (granting a stay pending resolution of another underlying action); *Robledo v. Randstad US, L.P.*, No. 17-CV-

Case No.: 5:20-cv-05704-EJD
ORDER DENYING MOT. TO STAY

2

01003-BLF, 2017 WL 4934205 (N.D. Cal. Nov. 1, 2017) (granting a stay pending appeal of another case with similar factual and legal issues); *McElrath v. Uber Techs., Inc.*, No. 16-CV-07241-JSC, 2017 WL 1175591 (N.D. Cal. Mar. 30, 2017) (same).

In determining whether to grant a stay, "the competing interests which will be affected by the granting or refusal to stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55). "Among these competing interests are [1] the possible damage which may result from the granting of the stay, [2] the hardship or inequity which a party must suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating the issues, proof, and questions of law which could be expected to result from the stay." *Id.* (brackets original). In addition, "[t]he proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255). "If there is even a fair possibility that a stay will work damage to someone else, the stay may be inappropriate absent a showing by the moving party of hardship or inequity." *Dependable Highway*, 498 F.3d at 1066 (citing *Landis*, 299 U.S. at 255; internal quotation marks omitted).

## III.   DISCUSSION

LinkedIn contends that the Supreme Court's upcoming decision in *Hughes* and the Ninth Circuit's decision in *Kong*[1] "will be highly instructive, if not entirely dispose of the claims asserted in Plaintiffs' Complaint." Mot. at 2. In particular, LinkedIn says that *Hughes* and *Kong* will provide guidance on whether an ERISA plaintiff can plausibly allege a breach of fiduciary duty claim based on a fiduciary's offering of actively managed target date funds instead of better performing passively managed funds, and that it would be more efficient and conserve the parties' and the Court's resources to stay the action until after both appeals are resolved. *Id.* at 2, 8.

After reviewing the appellate briefs in *Hughes* and *Kong*, the Court does not agree that those appeals will have a definitively dispositive effect on this action. As LinkedIn notes in its

---

[1] The Ninth Circuit has held *Kong* in abeyance pending the Supreme Court's resolution of *Hughes*.

Case No.: 5:20-cv-05704-EJD
ORDER DENYING MOT. TO STAY

3

motion, *Hughes* concerns "'[w]hether allegations that a defined-contribution retirement plan paid or charged its participants fees that substantially exceeded fees for alternative available investment products or services are sufficient to state a claim against plan fiduciaries for breach of the duty of prudence under ERISA, 29 U.S.C. § 1104(a)(1)(B).'" *Id.* at 5–6 (quoting Pet'rs' Brief, *Hughes v. Nw. Univ.*, 141 S. Ct. 2882 (2021) No. 19-1401, 2021 WL 4121358, at *1 (Sept. 3, 2021)). Somewhat similarly, *Kong* concerns primarily allegations of imprudence based on excessive management and recordkeeping fees. *See* Appellants' Br., *Kong v. Trader Joe's Co.*, No. 20-56415, 2021 WL 1377339, at *6–7 (9th Cir. Apr. 1, 2021) (describing issues presented as whether the district court erred in finding failure to adequately plead breach of prudence based on, among other things, "higher investment management fees" between various share classes and "excessive recordkeeping fees"). Although both *Hughes* and *Kong* contain allegations concerning actively managed funds, neither appeal appears to focus expressly on the question—to the extent it is even raised—of whether and how a passively managed fund can serve as an adequate benchmark comparator for an actively managed fund. Thus, "[w]hile the Supreme Court's decision in *Hughes* may or may not affect the law relevant to some of Plaintiffs' claims, it does not appear that it will be determinative of all of Plaintiffs['] arguments." *In re Prime Healthcare ERISA Litig.*, No. 8:20-cv-01529-JLS-JDE, Dkt. No. 56, at 3 (C.D. Cal. Jan. 7, 2022).

LinkedIn argues that in its upcoming motion to dismiss, it will likely cite "the Seventh Circuit's decision in [*Divane*], the Ninth Circuit's decision affirming *White v. Chevron Corp.*, No. 16-0793, 2017 WL 2352137 (N.D. Cal. May 31, 2017), *aff'd*, 752 F. App'x 453 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 2646 (2019), and various district court rulings that follow those decisions." Mot. at 8. These are the same authorities LinkedIn cited on in its previous motion to dismiss. Dkt. No. 44. But in ruling on that motion, the Court did not rely on *Hughes* or *Kong*, and the Court is hard-pressed to understand how those appeals would resolve Plaintiffs' remaining claims. A cursory review of the SAC indicates that Plaintiffs appear to have dropped all theories of liability except the one based on the Freedom Fidelity funds, which the Court has found Plaintiffs to have adequately pled. *Compare id. with* Dkt. No. 99. It is unclear how a second motion to

Case No.: 5:20-cv-05704-EJD
ORDER DENYING MOT. TO STAY
4

dismiss claims the Court has already ruled on based on case law the Court has already considered would be an efficient use of the parties' or the Court's time and resources.

The *CMAX* factors do not favor a stay. First, this action has been pending since August 2020 with little progress, and further delay will prejudice Plaintiffs' ability to develop facts necessary for their case. Second, LinkedIn has identified no hardship or inequity which it may suffer if required to go forward, other than actually litigating this suit. "[B]eing required to defend a suit, without more, does not constitute 'a clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112. And as discussed above, *Hughes* and *Kong* are unlikely to address the passively versus actively managed funds issue in a manner pertinent to Plaintiffs' claims here.

Accordingly, the Court finds that a stay is not warranted under these circumstances.

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES LinkedIn's motion to stay proceedings and administrative motion to stay the pleading deadlines. LinkedIn shall file its response to the SAC by **January 27, 2022**.

**IT IS SO ORDERED.**

Dated: January 12, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-05704-EJD
ORDER DENYING MOT. TO STAY