IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re LinkedIn ERISA Litigation* | Case No: 5:20-cv-05704-EJD <br><br> Hon. Judge Edward J. Davila <br><br> **DECLARATION OF LAURIE RUBINOW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARDS OF ATTORNEYS' FEES, EXPENSES, AND CLASS CONTRIBUTION AWARDS** <br><br> Fairness Hearing: November 16, 2023 <br>  9:00 a.m. |

I, Laurie Rubinow, hereby declare under penalty of perjury under the laws of the United States as follows:

1. I am a Partner with the law firm Miller Shah LLP ("Miller Shah" or "Class Counsel"). I am admitted to practice law in the States of Connecticut and New York and the Commonwealth of Pennsylvania, and I am one of the attorneys who has worked on the above-captioned action (the "Action") since the initial pleadings stage. I have personal knowledge of the facts set forth herein.

2. Following entry of the Court's Preliminary Approval Order, Gallagher Fidicuary Advisors, LLC ("Gallagher") was selected and appointed as an independent fiduciary for the Plan in connection with the Settlement and was provided with sufficient information to allow for a comprehensive review of the Settlement, including the relevant pleadings and papers filed on the docket, certain discovery materials, confidential settlement documents, and any other materials requested. In addition, counsel for the Parties each participated in virtual meetings with Gallagher to review certain matters related to the litigation and Settlement, and the Parties answered follow up questions from Gallagher. Gallagher has extensive experience reviewing settlements involving ERISA plans. Gallagher has issued a report authorizing the Settlement on behalf of the Plan, which will be filed on the docket this action on or before October 26, 2023.

3. During the course of this litigation and the settlement negotiations, the parties exchanged information sufficient to enable counsel to evaluate the strength of the claims and risks of continued litigation. Specifically, Defendants produced and Plaintiffs and Class Counsel reviewed relevant documents and communications reflecting the relationships between and among fiduciaries, Defendants' management and administration of the Plan, and Defendants' process for monitoring the Plan's investments and service providers. These documents included chartering documents of the fiduciary committee, the Plan's investment policy statements during the Class Period, minutes of fiduciary committee meetings, materials provided to the fiduciary committee to support its decision-making, disclosures by service providers, and disclosures made to participants in the Plans. In addition, Plaintiffs have taken depositions of fact witnesses and both parties disclosed expert reports. Prior to reaching the Settlement, the parties also

communicated their respective positions concerning Plaintiffs' likelihood of success on their claims and potential recovery on behalf of the Plan, conducted independent analyses to support their claims and defenses and evaluate potential resolutions, and participated in a mediation on September 15, 2022. The Settlement was reached in the weeks following the mediation session, under the continued guidance of the mediator. There has been no collusion or complicity of any kind in connection with the Settlement reached in this case or any related negotiations.

4. The Settlement Agreement represents the culmination of intensive arm's-length negotiations with the assistance of the mediator, Robert A. Meyer, Esquire, of JAMS, a well-respected and experienced neutral mediator whom the Parties met with formally and informally on several occasions. Plaintiffs were represented in the Settlement negotiations by a team of attorneys with considerable experience in ERISA litigation, who have engaged extensively in fact discovery in this case, and who are, therefore, well-versed in the legal and factual issues. Defendants were similarly represented by counsel with extensive experience defending complex litigations, including ERISA class actions. The settlement negotiations were contested and conducted in good faith.

5. As noted in connection with seeking preliminary approval of the proposed Settlement in this case, Class Counsel have significant experience in similar litigation, and are well-informed as to the specifics of this litigation. Class Counsel's thorough investigation, coupled with the significant document discovery conducted in the litigation, has afforded them with a comprehensive understanding of the merits of the claims asserted, the strength of Defendants' defenses, and the values of theoretical outcomes. In addition, Class Counsel have engaged in extensive consultation with experts in assessing the claims, defenses, and potential damages in connection with their negotiation of the Settlement.

6. Miller Shah and its co-counsel, Capozzi Adler, P.C., have fully investigated and developed this action, reviewed significant discovery, worked with experts, and engaged in motion practice to properly and vigorously represent the interest of the Plan and the Class, and are prepared to litigate the case through its resolution.

7. Plaintiffs have actively participated in the litigation from the outset and assisted

Class Counsel in drafting the pleadings and other papers filed in the Class Action, consulted with Class Counsel as needed, answered discovery requests, provided additional information, participated in strategy and settlement discussions with Class Counsel, and otherwise assisted in representing the interests of the Plan and its participants and beneficiaries. Plaintiffs also participated in regular conference calls with Class Counsel to ensure they remained fully apprised of all developments in the Action. Plaintiffs fully understand the nature of their claims, as well as their duties and responsibilities as Class Representatives and to the Plan, and they have no interest antagonistic to the Plan or members of the Settlement Class.

8. Based on a review of the docket in this action and confirmation with Strategic Claims Services, to date, no members of the Settlement Class have filed purported objections to the Settlement, or the requested attorneys' fees, expenses, and service awards. Class Counsel have fielded numerous calls and responded to correspondence from Settlement Class members to provide information regarding the Settlement and claims process, and none have voiced any opposition to the Settlement. In fact, many members of the Settlement Class with whom Class Counsel have been in touch have communicated positive feedback about the Settlement.

9. The Notice to the Class provided that Class Counsel may apply for an award of attorneys' fees not to exceed one-third of the Settlement Fund, as well as expenses not to exceed $150,000. Class Counsel are seeking attorneys' fees of one-third of the Settlement Fund and expenses in the amount of $119,386.02, which were reasonably and necessarily incurred in litigating the Action.[1] Class Counsel estimate that they will incur certain additional expenses related to settlement administration based upon past experience in similar cases, for which no amount of reimbursement is sought. Despite prosecuting this litigation for over three years, Class Counsel have not received any payment for their services or expenses incurred for prosecuting the Action.

---

[1] Miller Shah does not seek reimbursement of any travel expenses incurred in connection with its representation of the Settlement Class, despite actually incurring such expenses in the course of this litigation.

DECLARATION OF LAURIE RUBINOW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL                                              -4-

10. The requested fee award of one-third of the Settlement Fund is consistent with the amount negotiated by Plaintiffs and Class Counsel as the fee that could eventually be sought in connection with settlement approval, and is well within the range of fees awarded by courts in this District, as well as throughout the country.

11. Class Counsel achieved this highly favorable result for the Class at significant risk and substantial expense. Class Counsel were unwavering in their dedication to the interests of the Class and their investment of the time and resources necessary to bring this action to a successful conclusion against the Defendants. Class Counsel's compensation for the services rendered has always been wholly contingent. The requested fee is reasonable based on the quality of Class Counsel's work and the substantial benefit obtained for the Class.

12. For their extensive efforts on behalf of the Class, Class Counsel is applying for compensation from the Settlement Fund on a percentage-of-the-fund basis, and seeks the Court's approval of the same. The percentage-of-the-fund method is the appropriate method of compensating counsel because, among other things, it aligns Counsel's interests in being paid a fair fee with the interests of the Class in achieving an optimal resolution under the circumstances. In addition, the percentage-of-the-fund method is particularly appropriate here given the favorable result achieved.

13. Class Counsel's compensation for the services rendered was wholly contingent on their success. Demonstrating Class Counsel's commitment to this Action, they have devoted more than 3,552 hours to litigating the Action resulting in a lodestar of $1,841,533.50. I have confirmed that Class Counsel's lodestar is based upon their normal hourly rates that are paid by clients for similar hourly engagements and have been regularly approved by courts throughout the United States. Even before any additional post-approval time is considered, an award of one-third of the Settlement Fund would represent a lodestar multiplier of 1.22.

14. Based upon past experience, Class Counsel will likely incur the equivalent of at least an additional $100,000 in time in connection with final approval proceedings and administration of the Settlement, including responding to inquiries by members of the Settlement Class, which occur on a daily basis. I have confirmed that Class Counsel's expenses are reflected

in the respective books and records maintained by each of the firms, and are an accurate record of the expenses incurred in this action. The time devoted by all counsel and the expenses incurred by all counsel in the prosecution of the litigation are set forth, respectively, in Exhibits "A" and "B" to this Declaration. I respectfully submit that all of these costs and expenses are reasonable and should be approved by the Court.

15. Miller Shah's attorneys are experienced in class action litigation, including in ERISA class actions, and have recovered more than $1 billion on behalf of their clients in class actions nationwide.[2] In ERISA class and representative actions, James E. Miller and I lead the Firm's practice and, over the past decade, we have served as lead counsel in some of the most significant ERISA cases prosecuted throughout the United States on behalf of retirement plans and their participants, including: *Healthcare Strategies, Inc. v. ING Life Ins. & Annuity Co.*, No. 3:11-CV-282 (D. Conn.) (class action on behalf of retirement plans tried before the Honorable William G. Young after substantial proceedings before this Court and resulting in a settlement valued at over $400 million for a class of retirement plans); *Ferguson v. Ruane Cunniff & Goldfarb*, No. 1:17-cv-06685-ALC-BCM (S.D.N.Y.) ($124.5 million in proposed common fund settlements pending final approval); *Phones Plus, Inc. v. Hartford Fin. Servs., Inc.*, No. 3:06-cv-01835 (D. Conn.) (class action settlement with value of over $80 million on behalf of class of retirement plans); *Garthwait v. Eversource Energy Service Co.*, No. 3:20-cv-00902 (D. Conn.) ($15 million settlement for class of plan participants); *Boley v. Universal Health Servs.*, No. 2:20-cv-02644 (E.D. Pa.) ($12.5 million settlement for class of plan participants); *Golden Star, Inc. v. Mass Mutual Life Ins. Co.*, No. 3:11-cv-30235 (D. Mass.) ($9.475 million class action settlement on behalf of class of retirement plans); *Butler National v. Union Central Life Ins. Co.*, No. 1:12-cv-177 (S.D. Ohio) ($2.25 million common fund established for class of retirement plans and other relief to class valued at over $15 million); *Terraza v. Safeway, Inc.*, No. 4:16-cv-03994 (N.D. Cal.) (settlement of $8.5 million for class of plan participants); *Jones v. Coca-Cola*

---

[2] *See* https://millershah.com/practice-areas/employee-benefits-fiduciary-compliance/401-k-fee-litigation-gatekeeper-cases/.

DECLARATION OF LAURIE RUBINOW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL                                                                    -6-

*Consolidated, Inc.*, No. 3:20-cv-00988 (W.D.N.C.) ($3.5 million class action settlement). In addition, in 2020, Mr. Miller was named whistleblower lawyer of the year by Taxpayers Against Fraud, a well-respected nonprofit association, for his work on behalf of the United States and certain states in recovering $678 million in *U.S. ex rel. Bilotta v. Novartis Pharmaceuticals Corp.*, No. 11 Civ. 0071 (PGG), and $54 million in *U.S. ex rel. Arnstein, et al. v. Teva Pharmaceuticals, et al.*, No. 13 Civ. 3702 (CM), both of which settled on the eve of trial in the Southern District of New York before Judge Gardephe and Chief Judge McMahon, respectively, and demonstrate Miller Shah's ability to handle exceptionally complex litigation. Thus, the attorneys at Miller Shah have the experience, resources, expertise, and aptitude necessary to properly represent the interests of the Plan and the Settlement Class in this Action. Since the inception of this Action, Miller Shah has acted cooperatively with Capozzi Adler, P.C., a firm with in-depth experience litigating ERISA class actions similar to the Action.

16. Capozzi Adler, whose attorneys have decades of complex litigation experience, strives to obtain the best results for class members in every circumstance. They have successfully defeated motions to dismiss similar allegations in numerous ERISA actions. *See*, *e.g.*, *Kendall et al v. Pharmaceutical Product Development, LLC*, No. 7:20-cv-00071-D (ECF No. 28) (E.D.N.C. March 31, 2021) (upholding allegations that plan fiduciaries selected higher-priced identical share classes and overpaid for recordkeeping); *Davis v. Magna Int'l of America, Inc.*, 2021 WL 1212579 (E.D. Mich. March 31, 2021) (same). They have been successful at the appellate level resulting in the reversal of dismissed actions. *See*, *e.g.*, *Kong et al. v. Trader Joe's Co.*, No. 20-56415 (9th Cir. Apr. 15, 2022) (reversing district court dismissal of ERISA excessive fee action); *Davis et al. v. Salesforce.com. Inc. et al.*, No. 21-15867 (9th Cir. Apr. 8, 2022) (same). And, they have engaged in successful settlement negotiations and mediations in ERISA actions, recovering millions of dollars for their clients and class members. *See*, *e.g.*, *Buescher, et al., v. Brenntag North America, Inc., et al.*, No. 5:20-cv-00147 (E.D. Pa. 2020) (recovered $2.3 million class settlement); *Pinnell, et al., v. Teva Pharmaceuticals USA, Inc., et al.*, No. 2:19-cv-05738-MAK (E.D. Pa. 2019) (settlement in the amount of $2.55 million); *Freck v. Cerner Corp., et al.*, No. 4:20-CV-00043-BCW (W.D. Mo. 2020) (recovered $4.05 million class settlement). Accordingly,

1  the attorneys at Capozzi Adler have the requisite experience and resources to properly represent
2  the interests of the Plan and the Settlement Class in this case.

3      17.   Defendants are represented by very experienced counsel, Morgan, Lewis & Bockius LLP, which spared no effort in the defense of their clients. Defendants' counsel vigorously defended their clients, insisted they had no liability and were ready to proceed with further litigation if a settlement was not reached. In the face of this opposition, Class Counsel developed Plaintiffs' case so as to persuade Defendants to settle the Action on a basis favorable to the Class under the circumstances.

4      18.   This litigation was undertaken by Class Counsel on a wholly-contingent basis. From the outset, Class Counsel understood that they were embarking on a complex, expensive, and lengthy litigation with no guarantee of ever being compensated for the enormous investment of time and money the case would require. In undertaking that responsibility, Class Counsel was obligated to ensure that sufficient attorney and paraprofessional resources were dedicated to the prosecution of this action and that funds were available to compensate staff and the considerable costs which a case such as this entails.

5      19.   Because of the nature of a contingent practice in the area of employment benefits litigation, where cases are predominantly large cases lasting several years, not only do contingent litigation firms have to pay regular overhead, but they also have to advance the expenses of the litigation. This does not even take into consideration the possibility of no recovery. As discussed above, from the outset, this action presented a number of risks and uncertainties which could have prevented any recovery whatsoever. It is wrong to assume that law firms handling complex contingent litigation such as this always win. Tens of thousands of hours have been expended in losing efforts. The "risks of litigation" factor employed by courts in analyzing fee requests is not an empty phrase. There was a demonstrable risk that the Class and its counsel would receive nothing. It took hard and diligent work by skilled counsel to develop facts and theories which persuaded Defendants to enter into serious settlement negotiations.

6      20.   Based upon the claims remaining in the case, Plaintiffs' experts have estimated the range of realistic and supportable damages to be from $3,943,016.50 million to $15,940,213.00

million depending upon the methodology and assumptions employed, with a midpoint of $9,941,637.25. While figures in this range are defensible, the likelihood of establishing the higher figure faces more challenges than the lower figure. Indeed, if the Class Action proceeded through trial, Defendants would likely challenge the loss calculation methodology and interest rates applied (not to mention challenges to causation and other elements of Plaintiffs' claims). Accordingly, the Settlement provides monetary relief of approximately 68% of the mid-point of the range of realistically recoverable losses.

21. When Class Counsel undertook to act for Plaintiffs and the Plan's participants and beneficiaries in this action, it was with the knowledge that they would spend many hours of hard work against some of the best defense lawyers in the United States, with no assurance of obtaining any compensation for their efforts. The benefits conferred on the class by this Settlement are particularly noteworthy in that a Settlement Fund worth $6,750,000 was obtained for the Settlement Class despite the existence of substantial risks of no recovery in light of the vigorous defense mounted by Defendants, and the practical obstacles to obtaining a larger recovery after trial, and the likelihood of appeals.

22. To the best of my understanding, notice of the Settlement has been distributed to the appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005.

23. Strategic Claims Services has provided periodic updates of expenditures made in connection with administration of the Settlement, and it has provided all information requested by the Parties or their counsel.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of October, 2023 at Chester, Connecticut.

*/s/ Laurie Rubinow*
Laurie Rubinow

# EXHIBIT A

## Lodestar Chart

| Timekeeper | Role | Billable Hours | Hourly Rate | Total Lodestar |
|---|---|---|---|---|
| Alec J. Berin | Associate Attorney | 221.30 | $550.00 | $121,715.00 |
| Jillian M. Boyce | Supervising Paralegal | 134.70 | $275.00 | $37,042.50 |
| Ho Yin Cheung | Project Analyst | 244.80 | $250.00 | $61,200.00 |
| Elena M. DiBattista | Paralegal | 119.50 | $250.00 | $29,875.00 |
| Jonathan A. Dilger | Research Director | 419.30 | $500.00 | $209,650.00 |
| Betsy A. Ferling | Paralegal | 216.40 | $250.00 | $54,100.00 |
| Daniel L. Germain | Partner (Rossman & Germain) | 34.70 | $695.00 | $24,116.50 |
| Linda P. Gussler | Paralegal (Capozzi & Adler) | 35.40 | $350.00 | $12,390.00 |
| Mark P. Gyandoh | Partner (Capozzi & Adler) | 20.50 | $855.00 | $17,527.50 |
| Gabrielle P. Kelerchian | Associate (Capozzi & Adler) | 23.20 | $550.00 | $12,760.00 |
| Jacob Levin | Project Analyst | 47.80 | $250.00 | $11,950.00 |
| James E. Miller | Partner | 148.90 | $1,100.00 | $163,790.00 |
| Christine Mon | Paralegal | 32.10 | $250.00 | $8,025.00 |
| Sue Moss | Paralegal | 81.20 | $250.00 | $20,300.00 |
| Michael Ols | Associate | 52.40 | $375.00 | $19,650.00 |
| Rrita Osmani | Law Clerk | 79.60 | $275.00 | $21,890.00 |
| Donald R. Reavey | Partner (Capozzi & Adler) | 145.40 | $855.00 | $124,317.00 |
| Laurie Rubinow | Partner | 181.90 | $850.00 | $154,615.00 |
| Marialisa Samo | Paralegal | 99.80 | $250.00 | $24,950.00 |
| James C. Shah | Partner | 97.70 | $975.00 | $95,257.50 |
| Kolin C. Tang | Partner | 437.40 | $750.00 | $328,050.00 |
| Casey T. Yamasaki | Associate | 678.50 | $425.00 | $288,362.50 |
| **Totals** | | **3552.50** | | **$1,841,533.50** |

**EXHIBIT B**

**Expense Chart**

| Miller Shah LLP Expenses | |
|---|---|
| **Category** | **Amount** |
| Computer Research/Access/Database | $2,583.50 |
| Experts/Investigators | $103,846.50 |
| Filing/Court Fees/Process Fees | $1,686.00 |
| Internal Copying | $1,090.21 |
| Mediation | $8,975.00 |
| Postage/Delivery | $83.80 |
| Telephone | $99.89 |
| Miller Shah Total | $118,364.90 |
| | |
| Co-Counsel Expenses | $1,021.12 |
| | |
| **Total Expenses** | **$119,386.02** |