MILLER SHAH LLP
James C. Shah (SBN 260435)
jcshah@millershah.com
456 Montgomery Street, Suite 1900
San Francisco, CA 94104
Telephone: (866) 540-5505
Facsimile: (866) 300-7367

*Counsel for Plaintiffs, the Plan
and the Proposed Settlement Class*

[Additional counsel listed on signature page]

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re LinkedIn ERISA Litigation* | Case No.: 5:20-CV-05704-EJD |
| | Judge: Hon. Edward J. Davila |
| | **MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARDS OF ATTORNEYS' FEES, EXEPNSES, AND CASE CONTRIBUTION AWARDS** |
| | Fairness Hearing: December 13, 2023<br>9:00 a.m. |

Plaintiffs, Douglas G. Bailey, Jason J. Hayes, and Marianne Robinson (collectively, "Plaintiffs"), on behalf of the proposed Settlement Class and the LinkedIn Corporation 401(k) Profit Sharing Plan and Trust (the "Plan"), respectfully submit this Memorandum of Law in Further Support of their Unopposed Motion for Final Approval of Class Action Settlement and Award of Attorneys' Fees, Expenses, and Case Contribution Awards (ECF No. 148, the "Motion"), pursuant to the Court's Preliminary Approval Order (ECF No. 147, "Preliminary Approval Order"), and to update the Court on the positive reception of the Settlement Class to the Settlement since the execution of the Notice plan.[1] For all of the reasons addressed in detail in Plaintiffs' moving papers and because the Settlement Class has reacted extremely positively to the Settlement—indeed, ***no objections*** have been filed after notice was distributed to over 17,000 participants and beneficiaries in the Plan—and the Independent Fiduciary retained on behalf of the Plan has issued a report approving the Settlement, the Court should enter an order granting final approval of the Settlement.

The proposed Settlement would resolve this action in its entirety and establish a common fund of $6,750,000 for the benefit of the Settlement Class. The Settlement—reached after comprehensive discovery and several dispositive and procedural motions—is the product of thoroughly contested litigation between highly-experienced counsel and extensive arm's-length negotiations, achieved with the assistance of Robert A. Meyer, Esq. of JAMS. The Parties reached the Settlement after a full-day mediation, follow-up exchanges of information, and additional negotiations under the auspices of the Mediator, as well as expert analysis. In addition, the Settlement and all related applications have been reviewed and approved by the Independent Fiduciary retained on behalf of the Plan, the report of which is attached to the accompanying Supplemental Declaration of Laurie Rubinow and will be posted to the Settlement Website. *See* Supplemental Rubinow Decl., Ex. 1. The Settlement represents a very favorable result for the Class in light of the substantial risks and challenges that Plaintiffs and the Class would face in

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning as in the Settlement Agreement (ECF No. 139-2).

establishing liability and damages at trial, and defeating Defendants' affirmative defenses and arguments in response, as well as the costs and delays of continued litigation, including trial and inevitable appeals, which would occur absent the Settlement.

The Settlement should be finally approved, not only because of the Ninth Circuit's "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned," *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008), but because the Settlement is extremely favorable and warrants approval under the factors articulated in *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003).[2]  Of particular note at this juncture is the positive reaction of the Settlement Class and approval of the Independent Fiduciary retained on behalf of the Plan, each of which strongly supports final approval of the Settlement.  To date, more than 17,000 members of the Settlement Class have received direct notice of the Settlement, claims procedures, and objection guidelines.  *See* Supplemental Declaration of Cornelia Vieira Concerning the Mailing of the Settlement Notice and Former Participant Claim Form ("Supplemental Vieira Declaration"), at ¶ 3.  The Settlement Administrator has also maintained a website and toll-free phone number to address inquiries about the status of the case, deadlines, and claims filing process, and to make available important documents, including the Notice and Former Participant Claim Form.  *See id.* ¶ 6.  Since the entry of the Preliminary Approval Order, the Settlement Administrator has promptly responded to each telephone inquiry and continues to maintain and update the website.  *See id.*  In addition, Class Counsel have responded to any inquiries from members of the Settlement Class seeking more information about the claims and Settlement.  *See* Supplemental Rubinow Declaration, at ¶ 3.

---

[2] The *Boeing* factors are: (1) the strength of plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement.  *See* 327 F.3d at 959.

Members of the Settlement Class have responded extremely positively after receiving notice of the Settlement. The deadline for objections was October 17, 2023. *See* ECF No. 147, at ¶ 11. No objections to the fairness, reasonableness, adequacy of the Settlement, any term of the Settlement Agreement, Plan of Allocation, proposed payment of costs for administering the Settlement, or requests for attorneys' fees and expenses, or case contribution awards for Plaintiffs were filed on the docket or submitted to Class Counsel or the Settlement Administrator. *See* Supplemental Vieira Decl., at ¶ 8; *see also* Supp. Rubinow Decl., at ¶ 4. Courts recognize that the reaction of the class is one of the most important *Boeing* factors to consider at the final approval stage. See 4 NEWBERG ON CLASS ACTIONS § 13:54 (5th ed.). A small number of objections can be viewed as indicative of the adequacy of the settlement. *See In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008). Thus, the Absence of objections decisively supports final approval. Moreover, the Settlement Administrator has complied with the Preliminary Approval Order and exhausted all reasonable means to notify members of the Settlement Class of the Settlement, including obtaining corrected addresses and remailing Notice and Former Participant Claim Forms where possible. *See* Supplemental Vieira Decl., at ¶¶ 3–7. To date, neither the Settlement Administrator nor Class Counsel has received a single objection, despite providing notice of the Settlement and objection and exclusion procedures to tens of thousands of Settlement Class members. *See id.*, at ¶ 8; *see also* Rubinow Decl., at ¶ 4. This strongly indicates the fairness, reasonableness, and adequacy of the Settlement and the Plan of Allocation. In addition to the lack of objections to the Settlement, there have been no objections to the request for attorneys' fees and expenses or case contribution awards for Plaintiffs. *See id.* Not only are the amounts requested reasonable as discussed in detail in Plaintiffs' moving papers, *see* ECF No. 148, but the lack of any objections to these applications further supports approval. Further, the Independent Fiduciary separately evaluated the Settlement Agreement and determined that it is reasonable, providing the Court with an independent basis to authorize the Settlement as recommended. *See* Supplemental Rubinow Decl., at Ex. 5.

Final approval is warranted under all of the circumstances. Accordingly, Plaintiffs respectfully request that the Court: (1) grant final approval of the Settlement and enter the

1  [Proposed] Final Approval Order and Judgment filed on March 3, 2023 (ECF No. 139-2, Settlement Agreement, Ex. D); (2) award attorneys' fees of one-third of the Settlement Fund ($2,250,000) as well as payment of necessary and reasonable litigation expenses of $119,386.02 Class Counsel; and (3) award $12,500 each to Plaintiffs as case contribution awards for their service as representatives of the Plan and the Settlement Class.

Dated: November 9, 2023

Respectfully submitted,

/s/ *James C. Shah*
James C. Shah (SBN 260435)
MILLER SHAH LLP
456 Montgomery Street, Suite 1900
San Francisco, CA 94104
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jcshah@millershah.com

James E. Miller
Laurie Rubinow
MILLER SHAH LLP
65 Main Street
Chester, CT
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jemiller@millershah.com
         lrubinow@millershah.com

Alec J. Berin
MILLER SHAH LLP
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: ajberin@millershah.com

Mark K. Gyandoh
CAPOZZI ADLER P.C.
312 Old Lancaster Road
Merion Station, PA 19066
Telephone: (610) 890-0200
Facsimile: (717) 233-4103
Email: markg@capozziadler.com

Donald R. Reavey
CAPOZZI ADLER, P.C.
2933 North Front Street
Harrisburg, PA 17110
Telephone: (717) 233-4101
Facsimile: (717) 233-4103
Email: donr@capozziadler.com

Daniel L. Germain
ROSMAN & GERMAIN LLP
16311 Ventura Blvd, Suite 1200
Encino, CA 91436-2152
Telephone: (818) 788-0877
Facsimile: (818) 788-0885
Email: Germain@lalawyer.com

*Counsel for Plaintiffs, the Plan,
and the Proposed Settlement Class*